UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| HANK MUSICK ) | |
| ) | |
| v. ) | NO. 2:06-CV-225 |
| ) | |
| HOWARD CARLTON, Warden, and ) | |
| UNKNOWN DEFENDANTS ) | |

## **MEMORANDUM and ORDER**

Proceeding *pro se*, plaintiff Hank Musick has filed this civil rights action for damages under 42 U.S.C. § 1983, alleging that he was denied adequate medical care while he was a prisoner in the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee. The plaintiff's application to proceed without prepayment of the filing fees is **GRANTED**.

The plaintiff's specific complaint is that in January of 2005, he twice presented himself to medical care providers at the NECX medical clinic, complaining that he was having problems seeing out of his right eye. During his first visit, a nurse told him that she thought his eye was scratched and, even though the plaintiff protested that he was losing his vision in that eye, sent him back to his cell untreated.

The next day, when he awoke to find that his condition had worsened, he returned to the clinic, where a different nurse told him that he had an appointment with the eye doctor the next week and, likewise, sent him back to his cell untreated.

By lunch time, the plaintiff was totally blind in his right eye. He went back to the clinic and was then sent to the hospital, where he was diagnosed with a detached retina and advised that he would have retained his vision in his right eye, had he been treated more promptly. After three surgeries, the plaintiff remains blind in his right eye. He now contends that the conduct of the NECX nurses amounted to deliberate indifference to his serious medical needs. However, there are two reasons why this action cannot proceed.

The first reason is that the asserted claims are time-barred. For the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). The acts complained of, according to paragraph IV in the "statement of claims" section in the complaint, occurred in January of 2005. The record indicates that this action was filed in September of 2006, some twenty months later, more than

eight months past the statutory time limit for assertion of those claims.

A second reason is that while deliberate indifference to the serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," which is prohibited by the Eighth Amendment, no viable Eighth Amendment claim is stated by allegations of "an inadvertent failure to provide adequate medical care," or that a medical condition has been negligently diagnosed or treated. *Estelle v. Gamble*, 429 U.S. 97, 104, 105-06 (1976).

The gravamen of the plaintiff's complaint is that the NECX nurses should have recognized that his retina was detached and that he needed immediate treatment. These allegations, at best, state a claim for medical negligence, and the mere fact that the victim happens to be a prisoner does not convert them into a constitutional violation. *Id.* at 106; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (Where a prisoner is given some medical treatment and the dispute concerns the adequacy of the treatment, no valid § 1983 claim is stated.). Therefore, the plaintiff has failed to allege sufficient facts to sustain a claim for constitutional

medical maltreatment under 42 U.S.C. § 1983.[1]

This Court finds that any appeal in this matter would not be taken in good faith and would be frivolous; therefore, plaintiff is DENIED leave to proceed *in forma pauperis* should he file an appeal.

A separate order of dismissal will enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[1] Because the plaintiff fails to state a constitutional claim, the Court need not determine whether his claims were administratively exhausted prior to filing this lawsuit, as required under the provisions of 42 U.S.C. § 1997e(a). *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998) (Exhaustion need not be considered where the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.).